UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Emanuel Torres

                Plaintiff,

      -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, RETIRED POLICE OFFICER DOMINICK
DESIERVI Shield 16241, POLICE OFFICERS JOHN DOE
# 1 to approximately # 5, the names being fictitious, presently
unknown, in their individual and official capacities as employees
of the New York City Police Department

                Defendants.
------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

CV 13-2860

WEINSTEIN, J.

      The Plaintiff, Emanuel Torres, by his attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

    1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Desiervi and Police Officers John Doe # 1-5, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

    2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

### VENUE

    3.    Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because defendant NEW YORK CITY POLICE OFFICER DESIERVI, has his Precinct within the boundaries of the said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

### PARTIES

    4.    Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officer Desiervi and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. According to information and belief, at the time of this incident Plaintiff was a 19 year old US Citizen with no prior criminal history, living with his family and working as a Member of Local Hospital Union 1199 at the NYU Medical Center Food Processing Center, during which timeframe he had been named an Employee of the Month.

12. According to information and belief, at the time of this incident Plaintiff was also a recent graduate of Manhattan High School where he was Valedictorian of his class.

13. On 21 May 2010, at approximately 5pm, in the vicinity of the Coney Island Boardwalk, in Kings County, Plaintiff was walking along the Boardwalk with his family members including one adult male and three adult women including Michelle Rivera and four infant children, when they were attacked by a group of approximately 20 people claiming to be Latin Kings.

14. Right before the attack, this same group had stabbed another victim and left that person bleeding on the Boardwalk.

15. Police were soon on the scene and my client and his family informed the police of the attack.

16. Without legal cause or justification, however, Desiervi and his co-defendants threw Plaintiff and Rivera onto the ground stomach-down in front of the rest of their family, and cuffed them behind their backs.

17. Without legal cause or justification, during this arrest Desiervi specifically placed his knees on Plaintiff's back and applied pressure, pushing Plaintiff's face into the ground and causing him pain and suffering.

18. Without legal cause or justification, Desiervi and his co-defendants searched Plaintiff and Rivera and found no contraband.

19. Desiervi and his co-defendants also observed that Plaintiff and Rivera had no signs that they had been involved in any criminal acts.

20. Without legal cause or justification, Desiervi and his co-defendants continually harassed Plaintiff in front of his family about being a gang member.

21. Without legal cause or justification, Desiervi and his co-defendants transported Plaintiff and Rivera to the 60 Precinct.

22. Once at the Precinct, without legal cause or justification, Desiervi and his co-defendants continued to harass Plaintiff about his being in a gang, demanding to know about locations of narcotics and firearms.

23. Once at the Precinct, several of Desiervi's co-defendants admitted to Plaintiff and Rivera that they had video surveillance footage of the Coney Island Boardwalk and once they reviewed it Plaintiff and Rivera would be free to go with no charges being filed.

24. At the Precinct, Plaintiff's family including his mother were present, and without legal cause or justification, Desiervi and his co-defendants refused to allow any of them to communicate with Plaintiff or Rivera.

25. At the Precinct, without legal cause or justification, Desiervi and his co-defendants confiscated Plaintiff's Rosary beads which he had received as a gift from his mother for graduating Valedictorian and getting a job, and refused to voucher the Rosary beads or give them to his Mother who was there and willing to take them.

26. Plaintiff and Rivera were transported to Central Booking after Midnight.

27. Plaintiff remained incarcerated for approximately 72 hours, until Monday 24 May 2013.

28. During Plaintiff's incarceration, he was transported to Riker's Island.

29. Plaintiff had never been incarcerated before in his life, and while at Riker's he experienced threats from other inmates and harassment and mistreatment.

30. Due to Plaintiff's false arrest Plaintiff lost at least two days of work during his incarceration.

31. The case against Plaintiff and Rivera was subsequently dismissed under Kings County Docket 2010KN040902, due to Desiervi's false arrest and acts of police misconduct against Plaintiff.

32. Due to the emotional and additional trauma and suffering Plaintiff experienced, he received regular counseling, approximately seven sessions, at the Roberto Clemente Health Center at 540 East 13th Street, New York, NY.

33. Rodriguez initiated a claim against the City for this case and the City settled the case in her favor.

34. Desiervi and his accomplices violated Plaintiff's rights, and treated him as if he were less than human.

35. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

36. Paragraphs 1 through 35 are herein incorporated by reference.

37. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

38. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

39. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY)

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

42. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

43. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

44. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

45. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

46. Defendants subjected Plaintiff to false arrest and false imprisonment.

47. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

48. Paragraphs 1 through 47 are incorporated herein by reference.

49. Defendant Officer Desiervi illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

50. That as a result of the foregoing, the Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

51. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

52. Paragraphs 1 through 51 are incorporated herein by reference.

53. Defendant Officer Desiervi illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

54. That as a result of the foregoing, the Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

55. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FIFTH CAUSE OF ACTION
(ASSAULT)

56. Paragraphs 1 through 55 are incorporated herein by reference.

57. That the Court has pendant jurisdiction of this claim.

58. That as a result of the foregoing, the defendant Officer Desiervi intentionally put Plaintiff in fear and fright of imminent physical harm.

59. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants Desiervi, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### SIX CAUSE OF ACTION
(BATTERY)

60. Paragraphs 1 through 59 are incorporated herein by reference.

61. Defendant Desiervi battered the Plaintiff.

62. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants Desiervi, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

63. Paragraphs 1 through 62 are incorporated herein by reference.

64. Defendants caused a false accusatory instrument to be filed against Plaintiff.

65. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

66. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

67. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Dated: 14 May 2013
New York, New York

Gregory Zenon, The Law Office of Gregory Zenon
110 Wall Street, 11th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff